```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION
```

COREY E. TURNER,              )
                              )
        Movant,               )
                              )
    v.                        )    No.  4:04-CV-0061 (CEJ)
                              )
UNITED STATES OF AMERICA,     )
                              )
        Respondent.           )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Corey E. Turner to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. The United States has filed a response in opposition to the motion.

**I. Background**

On December 19, 2001, Turner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On that same date, Turner and the United States executed a Stipulation of Facts Relative to Sentencing, which contained the terms of the parties' plea agreement and set forth the facts underlying the offense. Specifically, it was stipulated that the police found a firearm on Turner's person during a pat-down search; that the firearm had previously been transported in interstate commerce; and that Turner had a prior felony conviction.

During the change of plea hearing, Turner reiterated the stipulated facts. He also stated under oath that no one had promised him that he would receive a particular sentence, and that no offer or promise other than the plea agreement had induced him to plead guilty. Plea Hrg. Tr. p. 8. In the written Stipulation and in his sworn oral statements during the change of plea hearing, Turner acknowledged that he

understood the statutory penalties for the offense and that his sentence would be based on the applicable statutes and provisions of the United States Sentencing Guidelines. Plea Hrg. Tr. pp. 10-12. Turner also stated that he understood that he would not have the right to withdraw his guilty plea if he received a sentence that was different from or worse than he expected. Plea Hrg. Tr. p. 10.

The presentence report revealed that Turner was on state parole at the time he committed the federal offense. His parole was revoked and he was returned to the Missouri Department of Corrections to complete his sentence.[1] At the sentencing hearing, the Court determined that Guidelines imprisonment range was 37 to 46 months. The Court also determined that U.S.S.G. § 5G1.3, Application Note 6 (2001) mandated consecutive sentencing.[2] Defense counsel objected, arguing that consecutive sentencing was not required, and urged the Court to impose concurrent sentencing. The Court sentenced Turner to 37 months imprisonment to run consecutively to the state sentence of imprisonment Turner was serving pursuant to the parole revocation.

---

[1] At the conclusion of the change of plea hearing, Turner requested that he be allowed to return to state custody pending sentencing. The Court advised him that he would not receive any credit toward the federal sentence that would be imposed, and Turner stated that he understood. Plea Hrg. Tr. p. 14.

[2] Application Note 6 provides: "If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised release."

On appeal, Turner argued that he should have received a concurrent sentence and that the Court's failure to advise him of the possibility of consecutive sentencing and of his right to withdraw his guilty plea constituted a violation of Fed. R. Crim. P. 11. His arguments were rejected, and the judgment was affirmed. <u>United States v. Corey E. Turner</u>, No. 02-1732 (8th Cir. February 10, 2003)(unpublished).

**II. <u>Discussion</u>**

In his motion to vacate, Turner claims that he was denied effective assistance of counsel. In support of this claim, Turner alleges that his attorney told him that the Court could impose a sentence of imprisonment that would run concurrently with his state sentence, and that his attorney failed to tell him that consecutive sentencing was mandatory. Turner claims because of counsel's conduct, his guilty plea was not knowing, intelligent or voluntary. He asks that he be allowed to withdraw his guilty plea and proceed to trial.

To prevail on a claim of ineffective assistance of counsel, a movant must show (1) that his attorney's performance fell below an objective standard of reasonableness and (2) that movant was prejudiced thereby. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). The movant must show that his attorney's errors were so serious that they deprived him of his Sixth Amendment right to counsel and denied him the right to a fair trial. <u>Id</u>. In the context of a guilty plea, the movant must demonstrate that but for counsel's errors, he would not have pleaded guilty, but instead would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). For the following reasons, the Court concludes that even if defense counsel's performance was deficient in the manner alleged, Turner has not shown that he was prejudiced.

3

Turner alleges that his attorney told him that the Court could impose a concurrent sentence, and that this erroneous statement was the "inducement" for his guilty plea. This allegation is at odds with Turner's statements under oath at the change of plea hearing that no one had promised him a specific sentence and that no offer or promise other than the plea agreement had induced his guilty plea. Moreover, even when the Court informed him that he could receive a sentence that was worse than he expected, Turner persisted in his guilty plea.

In United States v. Burney, 73 F.3d 442, 445 (8th Cir. 1996), the defendant moved to withdraw his guilty plea pursuant to Fed. R. Crim. P. 32(e) (1996), on the grounds that his attorney and the court had misled him to believe that the maximum sentence he could receive as 10 years. The defendant asserted that if he had been told that he faced a minimum 14-year sentence by reason of the application of the Sentencing Guidelines, he would not have pleaded guilty. The Court of Appeals rejected the defendant's claim that, because of the allegedly misleading statements, his guilty plea was neither knowing nor voluntary, and concluded that such conduct did not establish a "fair and just reason" for withdrawal of the guilty plea as required by Fed. R. Crim. P. 32(e) (1996):

> A defendant's misapprehension of the application of the Guidelines to his sentencing does not constitute a fair and just reason for withdrawing a plea so long as the defendant was told the range of potential punishment and that the Guidelines would be applied to determine his sentence. *United States v. Hoelscher*, 914 F.2d 1527, 1544 (8th Cir. 1990), *cert. denied*, 500 U.S. 943, 111 S.Ct. 2240, 114 L.Ed.2d 482 (1991). This remains true even where such a misunderstanding is based on an erroneous estimation by defense counsel. *United States v. Ludwig*, 972 F.2d 948, 950-51 (8th Cir. 1992).

Burney, 75 F.3d at 445.

In the instant case, even if defense counsel had misinformed Turner about the availability of concurrent sentencing or failed to inform him about the possibility of consecutive sentencing, such would not vitiate Turner's guilty plea.[3]  As discussed above, Turner was advised of the statutory penalties for the offense and he was told that the Sentencing Guidelines would be used in determining his sentence.  Turner did not then have the right to withdraw his guilty plea, nor does he now.

Turner asks that he be allowed to withdraw his plea and go to trial. However, he does not contend that, but for his attorney's errors, he would not have pleaded guilty but would have instead insisted on a trial.  Turner has pointed to no weakness in the government's case that he could have exploited to his benefit at a trial, nor does he identify any witness who would have testified favorably to him, any evidence that would have created reasonable doubt, or any defense that he could have mounted.  Indeed, given the facts that Turner stipulated to, there appears to be little likelihood that he would have prevailed at trial.  Additionally, by going to trial, Turner would have risked losing significant benefits under the plea agreement, thus placing himself in a much worse position with respect to sentencing.[4]  Given all these circumstances, there is no reason to believe that Turner would have insisted on going to trial.

---

[3]The Eighth Circuit held that the Court did not violate Fed. R. Crim. P. 11 by failing to inform Turner of the possibility of consecutive sentencing before accepting his guilty plea.  United States v. Corey E. Turner, No. 02-1732, slip op. at p. 2.  Turner cannot re-litigate this issue in his Section 2255 motion.  See  English v. United States, 998 F.2d 609, 612-13 (8th Cir. 1993), cert. denied, 510 U.S. 1001 (1993).

[4]Because of the plea agreement, Turner received a three-level decrease in his offense level computation for acceptance of responsibility and he avoided a two-level increase that would have applied because the firearm was stolen.  These benefits would not have been accorded to him if he had been found guilty after proceeding to trial.

For the reasons discussed above, the Court concludes that Turner is not entitled to the relief he seeks. Further, the Court finds that Turner has not made a substantial showing of the denial of a constitutional right. Therefore, no certificate of appealability will be issued. See 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Corey E. Turner to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of June, 2006.